**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nelson C. Bowers,<br><br>    Plaintiff,<br><br>v.<br><br>Great Western Bank of South Dakota, David Fitzgibbons, Fitzgibbons Law Office, Paul Babeu, Pinal County Sheriff, et. al.,<br><br>    Defendants. | No. CV-13-0093-PHX-GMS<br><br>**ORDER** |

Pending before the Court are Plaintiff's Application for an Emergency Injunction and Restraining Order (Doc. 3), Plaintiff's Motion for Default Judgment (Doc. 8), and Defendants' Cross Petition for Temporary Restraining Order and Preliminary Injunction (Doc. 13). For the reasons discussed below, both Plaintiff's and Defendants' applications for emergency relief are denied and Plaintiff's Motion for Default Judgment is denied.[1]

This action arises out of competing claims to the ownership of vehicles subject to a state court debt judgment. On January 3, 2011, Plaintiff Nelson Bowers entered into a loan agreement with Glen Gabriel to enable Gabriel to purchase vehicles for his towing and car sales business. (Doc. 1 ¶ 8.) The parties agreed that in the event of a third-party

---

[1] On January 15, 2013, the Court ordered Plaintiff to serve Defendants with his ex parte Application for an Emergency Injunction and Restraining Order. (Doc. 4.) The Court further ordered Defendants to respond to Plaintiff's Application within seven days. (*Id.*) However, the Court's Order was not provided to Defendants when served with Plaintiff's Application on January 16, 2013. (Doc. 10 at 2.) Defendants were first made aware of the time limit for their response on January 30, 2013 when they received Plaintiff's Motion for Default. (*Id.*) Defendants filed their Response to Plaintiff's Application seven days later on February 7, 2013.

judgment against Gabriel, he would surrender the vehicles and titles to Plaintiff. (Doc. 14-7, Ex. J at 2.) However, neither party recorded this lien on the vehicles.

On June 19, 2012, Great Western Bank (the "Bank") filed a state court action against Gabriel after he defaulted on a loan. (Doc. 14 ¶ 5.) The state court granted default judgment to the Bank and its counsel, David Fitzgibbons, initiated post-collection proceedings against Gabriel. (*Id.* ¶ 6.) On October 26, 2012, the state court issued a writ of general execution to seize property to satisfy the judgment. (Doc. 14-6, Ex. B.) The writ was served on Gabriel on November 14, 2012. (Doc. 14 ¶ 10.) At the time, the Arizona Department of Motor Vehicles' registrar reflected that Gabriel owned title to the vehicles he had purchased pursuant to the loan agreement with Plaintiff. (Doc. 13 at 2.) After Plaintiff was informed of an attempt to seize the vehicles to satisfy the judgment, he repossessed them and changed the motor vehicle registrations from Gabriel's name to his name on November 15, 2012. (*Id.*) On January 14, 2013, the state court issued a writ of garnishment and summons against Plaintiff because he claimed to own the vehicles. (Doc. 14-8, Ex. K.) Numerous attempts to serve Plaintiff were unsuccessful and the state court allowed service to occur by posting on Plaintiff's property. (Doc. 14 ¶ 23; Doc. 14-8, Ex. M.)

On January 15, 2013, Plaintiff filed this action alleging that the Pinal County Sheriff's Office (the "Sheriff"), the Bank, and Fitzgibbons are violating the Fourth, Fifth, Seventh and Fourteenth Amendments to the U.S. Constitution by attempting to seize the disputed vehicles from his possession. (Doc. 1.) On the same day, he filed an ex parte motion requesting the Court to enjoin Defendants from seizing the vehicles "titled and owned" by him until true ownership is determined. (Doc. 3 at 2.)

Along with their Response to Plaintiff's Motion, Defendants filed a cross petition to enjoin Plaintiff "from selling, conveying or otherwise transferring" the disputed vehicles and to request that they be transferred to a third party pending further orders of the Court. (Doc. 13 at 3.)

/ / /

A district court may grant a preliminary injunction or temporary restraining order under two sets of circumstances. *Guzman v. Shewry*, 552 F.3d 941, 948 (9th Cir. 2009). First, a plaintiff must demonstrate: "(1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." *Id.* (internal quotations omitted). Alternatively, a temporary restraining order or preliminary injunction is appropriate "if the plaintiff demonstrates either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of the hardships tips sharply in [its] favor." *Id.* (internal quotations omitted).

Plaintiff does not demonstrate that there is a strong likelihood of success on the merits or that serious questions are raised by his Complaint. He alleges that the Bank and the Sheriff attempted to seize his vehicles pursuant to the state court writs in violation of his due process rights.[2] The gist of the Complaint is that the enforcement of the state court's debt judgment through the writ of general execution against Gabriel and the writ of garnishment against Plaintiff are unconstitutional. Plaintiff is in fact challenging the state court's writs because his constitutional claims are "inextricably intertwined" with those writs. *Feldman*, 460 U.S. at 483 n.16 ("[T]he federal claim is inextricably intertwined with the state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it."); *see also Worldwide Church of God v. McNair*, 805 F.2d 888, 892–93 (9th Cir. 1986).

The Court will not review the state court writs and their execution. "[R]eview of state court decisions may only be conducted in the United States Supreme Court. Lower federal courts may not review such decisions." *Partington v. Gedan*, 961 F.2d 852, 864 (9th Cir.), *cert. denied*, 506 U.S. 999 (1992) (citing *Dist. of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, 476, 482, 486 (1983)); *Rooker v. Fidelity Trust Co.*, 263 U.S.

---

[2] Defendants admit that the Sheriff has not been able to seize the vehicles because Plaintiff concealed them. (Doc. 9 ¶ 14; Doc. 13 at 6.)

413, 416 (1923)). The Court may not enjoin the state court writs even if Plaintiff's Complaint alleges that the execution of those writs is unconstitutional. *Feldman*, 460 U.S. at 486; *Worldwide Church of God v. McNair,* 805 F.2d 888, 893 n.4 (9th Cir. 1986) (noting that there is no federal court jurisdiction to enjoin state court orders even if constitutional issues are raised in a § 1983 suit); *Branson v. Nott*, 62 F.3d 287, 291 (9th Cir. 1995); *see also Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010) (holding that federal district court may not enjoin state court orders regarding pension benefits). Plaintiff cannot state constitutional claims against the Bank and Fitzgibbons because they are private actors whose actions are not fairly attributable to the government. *Morse v. N. Coast Opportunities, Inc.*, 118 F.3d 1338, 1340 (9th Cir. 1997) (internal citations omitted); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982). Therefore, there is no likelihood of success on the merits of Plaintiff's claims.

Defendants also request injunctive relief to prevent Plaintiff from selling or transferring the disputed vehicles pending the execution of the state court orders. The Court will not do so. Because Plaintiff has not stated a claim for relief in federal court and complete diversity among the parties is not present, there is no subject matter jurisdiction for Defendants' counterclaim against Plaintiff. Both Plaintiff and Defendants must pursue any relief in the state court action. Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Application for an Emergency Injunction and Restraining Order (Doc. 3) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment (Doc. 8) is **denied**.

/ / /
/ / /
/ / /
/ / /
/ / /

**IT IS FURTHER ORDERED** that Defendant's Cross Petition for Temporary Restraining Order and Preliminary Injunction (Doc. 13) is **denied**.

**Dated this 19th day of February, 2013.**

/G. Murray Snow
United States District Judge