**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nelson C. Bowers,<br><br>    Plaintiff,<br><br>v.<br><br>Great Western Bank of South Dakota, David Fitzgibbons Law Offices, Paul Babeu, Pinal County Sheriff, et al.<br><br>    Defendants. | No. CV-13-0093-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendants' Motion to Dismiss. (Doc. 23.) For the reasons discussed below, the Court grants the Motion.

## BACKGROUND[1]

Plaintiff Nelson Bowers is the owner of a towing business. He brings this action to challenge the attempted seizure of vehicles in his possession pursuant to a state court debt judgment. On January 3, 2011, Bowers entered into a loan agreement with Glen Gabriel to enable Gabriel to purchase vehicles for his towing and car sales business. (Doc. 1 ¶ 8.) The parties agreed that in the event of a third-party judgment against Gabriel, he would surrender the vehicles and titles to Bowers. (*Id.*) However, neither party recorded this lien

---

[1] The Court takes as true the allegations contained in Bowers' Complaint at this stage of the litigation. *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). Although Bowers alleges additional material facts in his Response, "a court may look only at the face of the complaint to decide a motion to dismiss." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002)

on the vehicles at that time.

In May 2012, Gabriel informed Bowers that he would not be able to repay the loan and surrendered the vehicles purchased with that loan to Bowers. (*Id.* ¶ 11.) He retitled and registered the vehicles in his name. (*Id.* ¶ 12.)

In November 2012, Bowers became aware that Defendants Great Western Bank ("GWB") and David Fitzgibbons, GWB's counsel, had filed a judgment against Gabriel and his business in state court, and they were attempting to take possession of the vehicles to satisfy that judgment. (*Id.* ¶ 14.) Fitzgibbons confirmed this when Bowers contacted him and Bowers informed Fitzgibbons that he now owned the vehicles after having repossessed them. (*Id.* ¶ 15.) Fitzgibbons responded that he still intended to seize the vehicles. (*Id.*) Soon thereafter, GWB and Fitzgibbons provided Defendants Pinal County Sheriff (the "PCS") and Sheriff Paul Babeu with the state court's order to seize the vehicles from Bowers based on a list of assets. (*Id.* ¶ 17.) Deputy George Flores, who was assigned to seize the vehicles, confronted Bowers with a list of assets at his property. (*Id.* ¶ 26.) Bowers explained that he owned the vehicles in his possession and they were titled in his name, and refused to transfer them to the PCS. (*Id.* ¶ 27.) Flores replied that "Fitzgibbons is running this show [sic] you clear that up with him." (*Id.* ¶ 28.)

Fitzgibbons later stated in court that he intended to obtain an injunction preventing Bowers from selling the vehicles at the "Barett Jackson Auction" in Scottsdale and that he would seize them if he observed the vehicles at that auction. (*Id.* ¶ 25.) To avoid seizure, Bowers hid the vehicles and stopped using them in the operation of his towing business. (*Id.* ¶ 22.)

On January 15, 2013, Plaintiff filed this action alleging that GWB, Fitzgibbons, and the Sheriff, violated the Fourth, Fifth, Seventh and Fourteenth Amendments to the U.S. Constitution by attempting to seize the disputed vehicles from his possession. (Doc. 1.) On the same day, he filed an ex parte motion requesting the Court to enjoin Defendants from seizing the vehicles "titled and owned" by him until true ownership is determined. (Doc. 3 at 2.) The Court denied the Motion. (Doc. 20.) Defendants now

1 move to dismiss Bowers' Complaint.

## DISCUSSION

### I. LEGAL STANDARD

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When a complaint does not "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not shown--that the pleader is entitled to relief." *Id.* at 679 (internal quotation omitted).

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

### II. ANALYSIS

#### A. Defendants GWB and Fitzgibbons

Title 42 of the United States Code section 1983 creates a cause of action against a

person who deprives another of rights guaranteed under the Constitution. In order to state constitutional claims against Defendants GWB and Fitzgibbons, Bowers must allege facts establishing that: (1) they acted under color of state law; and (2) the conduct deprived Bowers of a constitutional right. *Balisteri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1988). A private individual's action may be "under color of state law" where there is "significant" state involvement in the action. *Johnson v. Knowles,* 113 F.3d 1114, 1118 (9th Cir. 1997).

"The Supreme Court has articulated four tests for determining whether a private individual's actions amount to state action: (1) the public function test; (2) the joint action test; (3) the state compulsion test; and (4) the governmental nexus test." *Franklin v. Fox*, 312 F.3d 423, 444-45 (9th Cir. 2002) (internal citation omitted). Based on the facts alleged by Bowers, only the joint action test is relevant here. *See Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980) (holding that private actors may meet the state action requirement when they are "jointly engaged with state officials in the challenged action.")

Under the joint action test, "courts examine whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights." *Franklin*, 312 F.3d at 445 (internal citations omitted) The question is whether the state has so far insinuated itself into a position of interdependence with the private actor that it must be recognized as a joint participant in the challenged activity. *Id.* (internal quotation marks and citations omitted). A plaintiff may demonstrate joint action by proving the existence of a conspiracy or by showing that the private party was "a willful participant in joint action with the State or its agents." *Id.* (internal citation omitted).

Dismissal is proper because GWB and Fitzgibbons did not "act under the color of state law." Bowers alleges that GWB and Fitzgibbons obtained a state court debt judgment against Gabriel and his business, and because Gabriel had former possession of certain vehicles, they attempted to repossess them to satisfy the judgment. He further alleges that they "empowered" the PCS and Sheriff Babeu to seize the vehicles from Bowers' property. When Deputy Flores came to his home to execute the judgment, he

told Bowers that "Fitzgibbons is running the show" and Bowers should contact Fitzgibbons to clear up the situation. Bowers asserts that Defendants have violated his due process rights because they did not serve notice on him regarding the state court judgment nor did they verify the current ownership of the vehicles. Defendants contest both claims. Bowers' allegations at most establish conduct--private misuse of a state statute--that is not attributable to the state. Defendants cite to *Lugar v. Edmondson Oil Co., Inc.* which is instructive here. 457 U.S. 922 (1982). The Supreme Court held that a deprivation caused by a state-created procedure may be attributed to the state whereas a deprivation caused by the misuse of that procedure cannot. 457 U.S. at 941. "That [defendants] invoked the statute without the grounds to do so could in no way be attributed to a state rule or state decision." *Id.* Further, Bowers has not alleged that the state court, PCS, and Sheriff Babeu were somehow "in cahoots" or conspired with GWB and Fitzgibbons to deprive Bowers of his property. *See Franklin*, 312 F.3d at 445.

Because Bowers' allegations establish only that private actors obtained a debt judgment and acted pursuant to it, he fails to state a claim against them under § 1983. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (stating that "§ 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful") (internal quotation marks and citation omitted); *Tulsa Prof'l Collection Servs., Inc. v. Pope*, 485 U.S. 478, 486 (1988) (explaining that a court may find state action only "when private parties make use of state procedures with the overt, significant assistance of state officials"). His claims are dismissed as to Defendants GWB and Fitzgibbons.

### B.     Defendants PCS and Sheriff Babeu

Bowers also brings constitutional claims against Defendants PCS and Sheriff Babeu. He does not allege that PCS and Babeu did not "faithfully execute valid court orders." *Coverdell v. Dep't of Soc. & Health Services, State of Wash.*, 834 F.2d 758, 764 (9th Cir. 1987). Therefore, they are "absolutely immune from liability for damages in civil rights actions challenging conduct authorized by the order." *Id.* Bowers' claims

arising under 42 U.S.C. § 1983 are dismissed as to all Defendants.[2]

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 23) is **granted.** The Clerk is directed to terminate this action and enter judgment accordingly.

Dated this 24th day of June, 2013.

*/s/* G. Murray Snow
United States District Judge

---

[2] As stated in the Court's Order denying Bower's Application for an Emergency Injunction (Doc. 20 at 3-4), Bowers may make his case in state court. The federal district courts are precluded from reviewing state court writs and their execution. *See Partington v. Gedan*, 961 F.2d 852, 864 (9th Cir.), *cert. denied*, 506 U.S. 999 (1992) (citing *Dist. of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, 476, 482, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).

- 6 -